1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DERRICK RICHARDS-WHITE,

11          Plaintiff,                    No. CIV S-10-0292 MCE EFB PS

12      vs.

13  JACK LAMENDOLA,                       ORDER AND
                                          FINDINGS AND RECOMMENDATIONS
14          Defendant.
    _____/

15

16      This case, in which plaintiff is proceeding pro se and *in forma pauperis*, is before the

17  undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C.

18  § 636(b)(1).  Pending before the undersigned is defendant's motion to dismiss plaintiff's

19  complaint for lack of subject matter jurisdiction and for failure to state a claim.  Dckt. No. 4.  For

20  the reasons stated herein, the undersigned recommends that the motion be granted.

21      Defendant argues that the court lacks subject matter jurisdiction over plaintiff's

22  complaint because there is no federal question raised in the complaint and that plaintiff fails to

23  state a claim upon which relief may be granted because plaintiff is not a real party in interest and

24  has not alleged facts supporting a federal civil rights violation or any other federal cause of

25  action.  Dckt. No. 4-2 at 2, 3.  Specifically, defendant argues that plaintiff's claim appears to be

26  one for medical negligence, which is not a federal claim; that plaintiff's complaint is based on

1

1    injuries allegedly suffered by plaintiff's daughter, and the complaint is not brought on the injured

2    daughter's behalf; and plaintiff cannot state a claim under 42 U.S.C. § 1983 since defendant is

3    not a state actor but is instead a private physician. *Id.* at 2-4.

4         Plaintiff responds, *inter alia*, that "Dr. Lemendola works for the County of Sacramento

5    which is govern[ed] by the State of California." Dckt. No. 6 at 5. Plaintiff contends that "Dr.

6    Lemendola provides medical care to babies through Health Net Medical Insurance, Co. which is

7    govern[ed] by the County of Sacramento and the State of California." *Id.* Plaintiff also contends

8    that he is his daughter's legal guardian and argues that he has a legal right to represent her or

9    himself pro se since he is unable to afford representation. *Id.* at 6, 7.

10        Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

11   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

12   it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

13   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

14   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

15   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

16   a cause of action's elements will not do. Factual allegations must be enough to raise a right to

17   relief above the speculative level on the assumption that all of the complaint's allegations are

18   true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

19   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

20   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

21        In reviewing a complaint under this standard, the court must accept as true the allegations

22   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

23   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

24   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

25   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

26   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

2

1   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

2   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

3   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

4       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

5   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

6   *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

7   1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

8   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

9   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

10  (3) be authorized by a federal statute that both regulates a specific subject matter and confers

11  federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

12  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

13  matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

14  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction

15  of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of

16  subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*

17  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

18      Here, plaintiff's complaint makes no reference to federal law or a federal right, and does

19  not assert diversity jurisdiction. "A party invoking the federal court's jurisdiction has the burden

20  of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d

21  352, 353 (9th Cir. 1996). Plaintiff's complaint instead appears to assert a state law claim of

22  medical negligence, which should be brought in state court.

23      Plaintiff's complaint does not state a claim under 42 U.S.C. § 1983. In order to state a

24  claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory

25  right; and (2) that the violation was committed by a person acting under the color of state law.

26  *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that defendant injected an overdose

3

of the antibiotic amoxicillin to plaintiff's daughter and that due to the overdose, plaintiff's daughter suffered deadly side effects.  Dckt. No. 1.  Plaintiff, however, fails to allege that defendant was a state actor or otherwise acted under color of law.  *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.*  (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).[1]  Rather, it appears that defendant was a private physician who was not acting under color of state law.

Therefore, plaintiff's complaint must be dismissed.  Because it does not appear that plaintiff could state a federal claim or otherwise assert proper subject matter jurisdiction in an amended complaint, plaintiff will not be granted leave to file an amended complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints unless it determines that the pleading could not possibly be cured by the allegation of other facts).

Accordingly, it is hereby ORDERED that:

1.  The hearing on defendant's motion to dismiss is vacated; and

2.  Plaintiff's motion to appear at the hearing telephonically, Dckt. No. 7, is denied as moot.

////

////

---

[1]  Additionally, it appears from the allegations in the complaint that plaintiff's daughter is the real party in interest in this action and that although plaintiff contends that he is her guardian, he has not been appointed her guardian by this court, as required by Federal Rule of Civil Procedure 17 and Local Rule 202.  Additionally, "[a] parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  The rationale underlying this rule is protective.  Where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id.*

Further, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 4, be granted; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 10, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE